IN WILKES SUPERIOR COURT, JULY, 1832.

## SLACK *vs.* SLACK.

THIS is a motion to obtain an order to compel respondent to allow the complainant an allowance in the nature of temporary alimony, and to defray the expenses of the libel for divorce now pending in this court. In support of this motion two cases were cited from the New York Reports. In opposition to the motion, it was contended that the New York cases were by no means analogous to the case under consideration. The cases in New York were founded upon the pendency of a bill for alimony. The application was for temporary allowance by way of temporary alimony, and to prosecute the bill for alimony supported by affidavits which were not controverted by an answer. Here a bill of *ne exeat* has been filed and is now pending, which the respondent has not only answered, but has in fact denied all its material allegations. The answer further shows that respondent is willing to cohabit and live with the complainant, and denies that he has driven complainant, his wife, from his house, and that she now is in possession of two negroes, the property of respondent. The answer also alleges that respondent has solicited complainant to return and live with him and promise to treat her kindly. Cases were read from the South Carolina Reports and others, showing that when the court decrees temporary alimony, it is only until the husband shall receive his wife, and promises to treat her kindly. Prathro *v.* Prathro, 4 Dessau. Cha. Repts. 33, Purcell *v.* Purcell, 4 Hen. & Munf.

The court refused to order an allowance by way of temporary alimony for a married woman, out of her husband's estate, during the pendency of a libel for divorce, and a bill of "*ne exeat*," when it appeared by his answer that the husband was willing to take her to his bed and board and treat her well.

WILKES,
July, 1832.

SLACK
v.
SLACK.

507. Jelineau *v.* Jelineau, 2 Dessau. Cha. Rep. 50. According to Ball *v.* Montgomery, 2 Vesey, 189, and Bullock *v.* Menzies, 4 Vesey, 798. alimony will not be decreed out of a separate estate where the husband promises to receive his wife and treat her kindly.(*a*)

*Per Curiam.* Upon the authority of the cases cited by respondent's counsel, and which are not contradicted by those cited for the complainant, I feel constrained to refuse the motion. Applications of this nature, generally appeal strongly to the sympathy of the courts, but in the case under consideration, there are circumstances to blunt that sympathy. The complainant is an elderly lady who has connected herself in marriage with a man much younger than herself, and whose family and connexions ought to have warned her against the matrimonial union which she has formed. It may be productive of the welfare of society to permit her to reap the fruits of her indiscretion, at least as far as the rules of law and the practice of courts of equity usually authorize : beyond that point this court will interfere to protect her against the consequences of her indiscretion, but no farther. The motion is overruled.

---

## IN WILKES SUPERIOR COURT, JULY, 1832.

---

(*a*) See also Head *v.* Head, 3 Atkyns, 547. Seeling *v.* Crawley, 2 Vern. 386. Oxenden *v.* Oxenden, 2 Vern. 493. Angier *v.* Angier, Prec. in Chan. 496.